UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JUN 2 7 2005
MICHAEL N. MILBY, CLERK OF COURT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § § § § § | CRIMINAL NO. H-04-432-01 |
| BASIMAH A.Y. ABUSADA | | |

## PLEA AGREEMENT

The United States of America, by and through Chuck Rosenberg, United States Attorney for the Southern District of Texas and Jeff Vaden, Assistant United States Attorney, and the defendant, Basimah Atallah Yousef Abusada and the defendant's counsel, Wendell Odom, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. The defendant agrees to plead guilty to Count Two of the Indictment. Count Two charges the defendant with Bulk Cash Smuggling into or out of the United States, in violation of Title 31, United States Code, 5332(a)(1) & (2).

1

The defendant further agrees to persist in that plea through sentencing, and not oppose the forfeiture of assets contemplated in paragraphs 16 and 17 of this agreement.

## The United States' Agreements

2. The United States agrees to each of the following:

(a) If defendant pleads guilty to Count Two of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss Count One of the indictment at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that she receive a two (2) level downward adjustment of her offense level for acceptance of responsibility as contemplated in U.S.S.G. Section 3E1.1(a); and

(c) The government will <u>recommend</u> a sentence of probation.

## Punishment Range

3. The maximum penalty for a violation of Title 31, United States Code, Section 5332(a)(1) & (2), is imprisonment of not more than five (5) years and a fine of not more than $250,000. Additionally, the defendant may receive a term of supervised release after imprisonment of not more than three (3) years [(Title 18

U.S.C. §§ 3559(a)(3) and 3583(b)(2)]. Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation (Title 18 U.S.C. § 3559(a)(3) and 3583(e)(3)). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

### Mandatory Special Assessment

4.  Pursuant to Title 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fine and Reimbursement

5.  Defendant understands that under U.S.S.G § 5E1.2(i), the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

6. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

7. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so.

## Sentence Determination

8. Defendant is aware that the sentence <u>may</u> be imposed in accordance with the United States Sentencing Commission's <u>Guidelines Manual</u> (U.S.S.G.). Defendant acknowledges and agrees that the Court has justification and authority to impose any sentence within the statutory maximum set for the offense(s) to which the defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Waiver of Appeal

9. Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant

the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in Title 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

10.   In agreeing to this waiver, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. <u>The United States does not make any promise or representation concerning what sentence the defendant will receive.</u>

### United States' Non-Waiver of Appeal

11.   The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2.

## Rights at Trial

12. Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against the defendant.  Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them.  In turn, the defendant could, but would not be required to, present witnesses and other evidence on her own behalf.  If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(c)     At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if the defendant desired to do so, she could testify on her own behalf.

**Factual Basis for Guilty Plea**

13.     **Defendant is pleading guilty because she is guilty of the charges contained in Count One of the indictment.**  If this case were to proceed to trial, the United States could prove all of the following facts beyond a reasonable doubt:

On Monday, September 1, 2003, at approximately 3:00 p.m, Basimah Atallah Yousef Abusada ("ABUSADA") presented herself to the Customs and Border Protection Inspectors ("CBP") conducting an outbound examination of Lufthansa Airlines flight #441, destined for Frankfurt, Germany.  CBP Inspector

James Mericle asked ABUSADA, in English, if she was transporting more than ten thousand dollars for herself, or anyone else. ABUSADA declared she was carrying nine thousand dollars. ABUSADA then signed Customs Form 503-B, Currency Declaration Form, for the amount of nine thousand ($9,000) United States dollars.

CBP Inspectors then conducted a secondary examination of ABUSADA for verification. Examination of her purse revealed approximately $12,737.00, which was concealed in different compartments inside the purse. Some of the money was wrapped in tissue, some were wrapped in medical papers, and some were wrapped in a bundle with a rope. ABUSADA was observed clinching her chest with both of her arms very nervously. CBP Inspectors Tim Fahy and Eulalia Ramos asked ABUSADA what she had, and ABUSADA took out a large amount of One Hundred-Dollar Bills that were concealed inside her clothing which totaled approximately $40,000.00.

ABUSADA was escorted to the CBP Hard Secondary Area where a complete search was conducted of her and her luggage. No additional currency was found. A total count of her Currency was conducted, resulting in $52,737.00 Dollars.

## Breach of Plea Agreement

14. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, then:

(a) The United States may move the Court to set aside the guilty plea and reinstate prosecution.

15. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Forfeiture

16. This plea agreement is being entered into by the United States on the basis of defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees to forfeit whatever interest she may have in assets related to the material support of foreign terrorist organizations, including those assets listed in the indictment.

17. Defendant consents to any agreed order of forfeiture or judgment, and

further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of defendant's assets to deliver all funds and records of such assets to the United States.

## Complete Agreement

18.   This written plea agreement, consisting of 11 pages, together with the attached addendum of defendant and her attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

19.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on the _____ day of June, 2005.

X *Basimah Abu Sada*
Basimah Atallah Yousef Abusada
Defendant

Subscribed and sworn to before me on *June 27*, 2005.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Chuck Rosenberg
United States Attorney

By: *Jeff Vaden*                           *Wendell Odom*
Jeff Vaden                                 Wendell Odom
Assistant United States Attorney           Attorney for Defendant
Southern District of Texas
P.O. Box 61129
Houston, Texas  77208-1129
Telephone: (713) 567-9340
Telecopier: (713) 718-3390

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO. H-04-432-01 |
| | § § § | |
| BASIMAH A.Y. ABUSADA | § | |

PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, defendant's decision to enter into this agreement is an informed and voluntary one.

_____     _____
Wendell Odom                                                      Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

*Basimah Abu Sada*                                                          6/27/05
Basimah Atallah Yousef Abusada                  Date
Defendant

13